IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMRA R. RIVERA | : | |
| f/k/a TAMRA R. WARNER, | : | |
| Plaintiff, | : | CIVIL ACTION NO.  03-CV-4112 |
| | : | |
| v. | : | |
| | : | |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| | : | |
| and | : | |
| EQUIFAX, INC., | : | |
| and | : | |
| TRANS UNION, LLC, | : | |
| and | : | |
| GMAC, | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

**GREEN, S.J.**                                                                                                                        **April 1, 2004**

Presently pending are Defendants' Motion to Transfer Venue and Plaintiff's opposition thereto.  After careful consideration, this Court finds that pursuant to 28 U.S.C. §1404(A), Defendants' Motion to Transfer Venue to the Southern District of Florida should not be granted.

Plaintiff filed this action for damages against Defendants for alleged violations of the federal Fair Credit Reporting Act ("FCRA"), defamation, common law negligence, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PA CPL").

Defendants GMAC and Equifax argue that this Court lacks personal jurisdiction over them.  GMAC is a Delaware Corporation with its principal place of business in Detroit, Michigan, and regularly conducts business in Pennsylvania.  Accordingly, this Court clearly has personal jurisdiction over GMAC.  Equifax is a Georgia Corporation with no offices in this District.  Nonetheless, as a national credit bureau that regularly conducts business in

Pennsylvania, I am satisfied that this Court may exercise personal jurisdiction over Equifax.

The Court also finds that the Eastern District of Pennsylvania is a proper venue. Pursuant to 28 U.S.C. §1404(a), however, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Where venue is properly laid, a Plaintiff's choice of forum will not be disturbed lightly. Under <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3rd Cir. 1995), a district court should consider a variety of factors when weighing its discretionary authority to transfer venue. A court may consider private interests; including the plaintiff's choice of forum; defendants' preference; whether the claim arose elsewhere; convenience of the parties; convenience of witnesses; the location of pertinent records; practical considerations to make the trial easy, expeditious or inexpensive; comparative administrative difficulty in the two competing fora; the local interest in deciding local controversies at home and public policy of the fora; and the familiarity of the trial judge with applicable state law. <u>Jumara</u>, 55 F.3d at 879.

In the instant matter, Plaintiff is a resident of the Southern District of Florida. While some of the witnesses and records may be located in Florida, she chose the Eastern District of Pennsylvania as the forum for this matter. <u>Jumara</u> advises that a Plaintiff's choice of forum is to be afforded deference and should not be disturbed absent factors that affirmatively show another forum is more convenient for the parties and witness. <u>Id.</u> at 879. While the fact that the alleged violations and subsequent damages may have occurred in another district is a factor to be considered, it is not controlling under <u>Jumara</u>. Furthermore, Defendants failed to demonstrate that the Eastern District of Pennsylvania would be more inconvenient than the Southern District of Florida. On balance, after considering the public and private factors, this Court finds that the Defendants as movants have not met their burden of establishing the need for transferring this

case to another district.  It appears that trial of this matter is equally convenient in either district.

**AND NOW**, this _____ day of April 2004, upon consideration of Defendants' Motion to Transfer Venue and Plaintiff's opposition thereto, **IT IS HEREBY ORDERED** that Defendants' Motion is **DENIED**.

                              BY THE COURT:

                              _____

                              Clifford Scott Green, S.J.